

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

SUNTRUST MORTGAGE, INC., :
:
    **Complainant,** :
:
v. : Civil Action No. 3:12CV165
:
FOLDEN ENTERPRISES, INC., :
d/b/a FIRESIDE REALTY :
:
    **Defendant.** :
:

## COMPLAINT

Complainant, SunTrust Mortgage, Inc. ("SunTrust"), by counsel, recites the following facts and allegations in support of its Complaint against Folden Enterprises, Inc. d/b/a Fireside Realty ("Folden");

### NATURE OF ACTION

1. SunTrust agreed to fund mortgage loans brokered by Folden pursuant to the terms of a Mortgage Broker Agreement ("Agreement"). SunTrust then resold the loans to secondary investors, including the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac").

2. Folden has an obligation to indemnify SunTrust or repurchase loans upon the occurrence of certain events. Folden has breached its indemnification and repurchase requirements, as stated under the Agreement, and SunTrust seeks to recover losses occasioned by Folden's breach of contract.

## PARTIES

3. Complainant SunTrust is a Virginia corporation duly authorized to conduct business in the Commonwealth of Virginia, with its principal place of business in Richmond, Virginia.

4. Upon information and belief, Defendant Folden was at all relevant times herein a California corporation, with its principal place of business in San Jose, California.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1332(a) based upon diversity of citizenship between the parties and an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. Venue is proper in this Court under 28 U.S.C. § 1391(a) based upon a Mortgage Broker Agreement entered into between SunTrust and Folden on or about August 22, 2007, wherein the parties submit to the personal jurisdiction of the United States District Courts sitting in Virginia, and agree that venue is proper before the United States District Court for the Eastern District of Virginia, Richmond Division.

## BACKGROUND FACTS

7. On or about August 22, 2007, SunTrust and Folden entered into a Mortgage Broker Agreement, whereby Folden agreed to originate, process and broker mortgage loans to SunTrust, and SunTrust agreed to close and fund the loans in its own name, subject to the terms of the Agreement. See, Exhibit 1.

8. Paragraph 15 of the Agreement states that, among other things, Folden will indemnify SunTrust against "any and all claims, losses, damages, fines, penalties, forfeitures, attorney's fees, judgments and any costs, court costs, fees and expenses" relating to, or

arising from, the breach of any representation, warranty, term, condition or obligation contained in either the Agreement or elsewhere, or for any materially inaccurate, incomplete, false or misleading information provided by or through Folden to SunTrust.

9. Among other things, Folden warranted to SunTrust, in paragraph 9 of the Agreement:

   a. That it originated, processed and brokered each loan in full compliance with the Agreement and SunTrust's terms;

   b. That it has complied with all applicable laws;

   c. That all information contained in the loan applications, as well as the loan application packages, is genuine, complete and accurate, and that they contained no fraudulent or misleading information – "including, without limitation, any information obtained from or concerning the Borrower or the Secured Property, any credit report regarding the Borrower, or any appraisal report regarding the Secured Property"; and

   d. That each loan constitutes an acceptable investment.

10. Folden also agreed, at Paragraph 4.2.1, that it "…shall be responsible for the accurate preparation and completion of the Loan Application Package."

11. In accordance with paragraph 13 of the Agreement, Folden agreed to repurchase the loan within ten days of SunTrust's repurchase demand upon the occurrence of the following Events of Default: (1) An uncured breach of representation or warranty; (2) Failure to deliver certain documents; (3) The loan application or package are discovered to contain materially incomplete, inaccurate, false or misleading information; (4) Failure to comply with the Agreement or other terms and conditions; or (5) Bankruptcy filing by Folden.

12. SunTrust reasonably relied on the representations made by Folden in the Agreement that the loan application packages and loan applications themselves were accurate and contained no false or misleading information.

13. SunTrust has made demand upon Folden for repurchase of loans and indemnification of losses, with which Folden has not complied.

Sanchez 8141 and 8208 Loans

14. Folden originated and processed the Sanchez 8141 and 8208 Loans, which it brokered to SunTrust.

15. SunTrust funded the Sanchez 8141 and 8208 Loans pursuant to the Agreement on or about November 5, 2007.

16. The Sanchez 8141 Loan was subsequently sold to Fannie Mae by SunTrust.

17. On or about November 18, 2009, United Guaranty Credit Insurance Company ("United Guaranty") notified SunTrust that it was rescinding the mortgage insurance coverage for the Sanchez 8208 Loan as a result of its determination that the loan application contained information that was materially incorrect or incomplete regarding the borrower's employment and income.

18. At the time the Sanchez 8141 and 8208 Loans originated, the borrower did not work for the company listed as his current employer on the loan application submitted to SunTrust.

19. The borrower's income was substantially less than represented on the loan application.

20. On or about November 18, 2009, Fannie Mae demanded that SunTrust repurchase the Sanchez 8141 Loan based on its determination that the loan package contained inaccurate, false or misleading information regarding the borrower's employment and income.

21. SunTrust concurred with United Guaranty's and Fannie Mae's review and subsequently indemnified Fannie Mae for its losses on the Sanchez 8141 Loan. After the application of credit for SunTrust's loss mitigation efforts, SunTrust has suffered damages in the amount of $143,820.36 for the Sanchez 8141 Loan. SunTrust has suffered damages in the amount of $186,200.00 for the Sanchez 8208 Loan.

22. SunTrust's combined damages for the Sanchez 8141 and 8208 Loans is $330,020.36.

23. Had SunTrust known that the loan application contained materially misleading, inaccurate or false statements regarding the borrower's employment and income, it would not have funded the loan.

## FIRST CLAIM FOR RELIEF AGAINST FOLDEN
## FOR BREACH OF CONTRACT OF INDEMNIFICATION

24. SunTrust restates and realleges paragraphs 1 – 23 as if set out in full.

25. The Agreement is a valid and enforceable contract binding upon the parties.

26. SunTrust substantially performed all of its obligations and duties under the Agreement when it funded the subject loans and compensated Folden.

27. Folden has breached the indemnification provision of the Agreement found at paragraph 15 by failing to indemnify SunTrust against losses incurred as a result of Folden's breach of representations and warranties contained in paragraph 9 of the Agreement, as well as losses incurred due to materially inaccurate, incomplete, false or misleading information provided by Folden to SunTrust.

28. The breach of the indemnification provision by Folden has resulted in damages to SunTrust for the Sanchez 8141 and 8208 Loans.

## SECOND CLAIM FOR RELIEF AGAINST FOLDEN

## FOR BREACH OF EXPRESS WARRANTY

29. SunTrust restates and realleges paragraphs 1 –23 as if set out in full.

30. The Agreement is a valid and enforceable contract binding upon the parties.

31. SunTrust substantially performed all of its obligations and duties under the Agreement when it funded the subject loans and compensated Folden.

32. Folden has breached Warranty 9.1 of the Agreement, among other provisions, by brokering loans that were not eligible under the loan programs offered by SunTrust.

33. Folden has breached Warranty 9.5 of the Agreement, among other provisions, by providing SunTrust with loan materials that contained misleading information.

34. Folden has breached Warranty 9.6 of the Agreement, among other provisions, by brokering loans to SunTrust that did not constitute an acceptable investment.

35. Folden has created an Event of Default under paragraph 12.3, among other provisions, by submitting information that contained false or misleading statements.

36. SunTrust has been damaged by multiple breaches of contract committed by Folden which have resulted in a loss from the Sanchez 8141 and 8208 Loans.

## RELIEF SOUGHT

Wherefore, Complainant SunTrust respectfully requests this Honorable Court to grant judgment in its favor and against the Defendant Folden as more fully set forth below:

## FIRST CLAIM FOR RELIEF FOR BREACH OF CONTRACT OF INDEMNIFICATION

1. For general damages against Folden, SunTrust requests indemnification in the amount of $330,020.36;

2. For actual attorney's fees, costs and expenses, in accordance with the Agreement, incurred as a result of, or arising from, the activities of Folden which have given rise to the breach; and

3. For interest at the statutory rate.

### SECOND CLAIM FOR RELIEF FOR BREACH OF EXPRESS WARRANTY

1. For general damages against Folden in an amount to be proven at trial, but which are not less than the sum of $330,020.36;

2. For actual attorney's fees, costs and expenses, in accordance with the Agreement, incurred as a result of, or arising from, the activities of Folden which have given rise to the breach; and

3. For interest at the statutory rate.

Richmond, Virginia
February ___, 2012

Respectfully Submitted,

L. Scott Bruggemann
VSB No. 42634
e-mail: sbruggemann@wolfewyman.com
Harijot S. Khalsa
VSB No. 78682
e-mail: hskhalsa@wolfewyman.com
Wolfe & Wyman LLP
901 E. Byrd Street, Ste. 1105
Richmond, VA
(804) 915-7556 (phone)
(804) 417-4755 (fax)
*Attorneys for SunTrust Mortgage, Inc.*